BENNETT, (UNITED STATES v.) See Cases Nos. 14,570–14,574.

## Case No. 1,326.

### BENNETT v. WILSON.

[1 Cranch, C. C. 446.][1]

Circuit Court, District of Columbia. Nov. Term, 1807.

CONTINUANCE—DILIGENCE—EVIDENCE—BOOK ACCOUNT.

1. The court will not continue a suit at law, at the motion of the defendant, on the ground that the plaintiff had not answered a bill of discovery, he being absent, and the bill seeking relief as well as discovery.

[See Marsh v. Hulbert, Case No. 9,116.]

2. The defendant's book of accounts in his own handwriting is not evidence for him, although it contains the first entry.

Mr. C. Lee, for the defendant, moved for a continuance of the suit at law, on the ground of a bill for a discovery not answered, and now ready to be taken for confessed, the defendant, Bennett, being absent, and the usual notice having been given by publication, and of the death of Thompson, the most material witness. If a bill for a discovery be taken for confessed, the suit at law will be perpetually enjoined. 2 Har. Ch. Pr. 231, 233.

Mr. Swann, contra. The English practice applies only to cases where the party is in contempt.

THE COURT (DUCKETT, Circuit Judge, absent) refused to continue the cause on the ground that Bennett had not appeared to the bill for discovery; because it also sought general relief, and prayed an injunction, stating all the grounds of defence to the suit at law, and drew the whole subject-matter into equity. There was no affidavit stating that other testimony could not be had in lieu of Thompson's; and Wilson may obtain an injunction upon giving security. The plaintiff at law ought to have a judgment for his security.

Mr. C. Lee, for the defendant, on the trial offered the defendant's book of accounts in the defendant's own handwriting, and said it was the original entry of the transaction and settlement of the account upon which the promissory note was given.

But THE COURT (DUCKETT, Circuit Judge, absent,) refused to permit it to be read in evidence.

---

BENNING, (BANK OF UNITED STATES v.) See Case No. 908.

BENNINGTON, (FIRST NAT. BANK OF NORTH BENNINGTON v.) See Case No. 4,807.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 1,327.

### BENNITZ v. UNITED STATES.

[Hoff. Land Cas. 104.][1]

District Court, D. California. Dec. Term, 1855.[2]

PUBLIC LAND—GRANTS—GENERAL TITLE OF SUTTER—VALIDITY.

[The "general title of Sutter," derived from Gov. Micheltorena, is valid.]

[See note at end of case.]

[Appeal from decision of the board of California land commissioners.]

Claim [by William Bennitz] for five leagues of land [called the "Rancho Breisgau"] in the county of Shasta, rejected by the board, and appealed by the claimant.

Jeremiah Clarke, for appellant.

S. W. Inge, U. S. Atty.

The appellant in this case claims under the general grant by Governor Micheltorena on the twenty-second of December, 1844, which has already been considered and passed upon by this court in the Case of S. J. Hensley. It appears in evidence that the present claimant was one of those in whose favor Capt. Sutter had reported, and for whose benefit the general grant was made. It further appears that the claimant in 1845 placed a tenant upon the land, by whom a portion of it was cultivated, and who continued to reside upon it until the summer or fall of 1846, when he was killed by the Indians. There seems no reason to suppose that the claimant ever abandoned his grant, and under the ruling of this court in the Case of Hensley, we think the claim should be affirmed.

NOTE, [from original report.] The validity of the Sutter general title was affirmed by the circuit judge in U. S. v. Hensley [nowhere reported; opinion not accessible; reversed in U. S. v. Hensley, 1 Black, (66 U. S.) 35.]

[Bennitz v. U. S. was reversed by the supreme court in U. S. v. Bennitz, 23 How. (64 U. S.) 255; and in rendering the opinion Mr. Justice Campbell said: "The merits of the claims arising under the general title of Sutter have been discussed in the cases of U. S. v. Nye, 21 How. (62 U. S.) 408, and U. S. v. Bassett, Id. 412. This claim is in all respects similar, and, for the reasons assigned in those cases, is invalid."]